IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PERNOD RICARD USA, LLC,

                              Plaintiff,                          ORDER

                    v.
                                                          18-cv-840-jdp
SARATOGA LIQUOR CO., INC.,

                              Defendant.

---

Plaintiff Pernod Ricard USA, LLC, is a liquor importer and distributor that supplies products to defendant Saratoga Liquor Co., Inc., a wholesaler in Wisconsin. Pernod wishes to stop doing business with Saratoga, and it has filed this suit asking for a declaratory judgment that the Wisconsin Fair Dealership Law does not apply to the parties' relationship.

Pernod invokes this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. But because the allegations in the complaint are insufficient to determine whether the court can exercise diversity jurisdiction, the court will direct Pernod to file an amended complaint containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S.

77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Here, Pernod alleges that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse in citizenship. Dkt. 1. For the latter to be true, however, Pernod cannot be a citizen of the same state as Saratoga. *Smart,* 562 F.3d at 803. Pernod has alleged facts sufficient to show that Saratoga is a citizen of Wisconsin, but it has not alleged facts sufficient for the court to determine Pernod's citizenship.

Pernod is a limited liability company, and "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Pernod explains that its sole member is another LLC, Pernod Ricard Americas I.P. Management, LLC, and the sole member of that LLC is a Delaware corporation, Austin, Nichols & Co., Inc., but Pernod has not provided enough information to determine the citizenship of that corporation. A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *Hertz*, 559 U.S. at 88. Here, Pernod states that Austin, Nichols & Co. is incorporated in Delaware, but it has not provided its principal place of business.

Before dismissing this action for lack of subject matter jurisdiction, the court will give Pernod 14 days to file an amended complaint that alleges the facts necessary to determine the citizenship of Austin, Nichols & Co.

The court also notes that Saratoga has filed a motion to dismiss, Dkt. 4, that is currently being briefed. This order does not affect the briefing schedule for that motion.

ORDER

IT IS ORDERED that:

1.  Plaintiff may have until November 26, 2018, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2.  Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered November 9, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge