IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PERNOD RICARD USA, LLC,

        Plaintiff,

v.

SARATOGA LIQUOR CO., INC.,

        Defendant.

OPINION and ORDER

18-cv-840-jdp

---

  Plaintiff Pernod Ricard USA, LLC, a liquor importer, sells products to defendant Saratoga Liquor Co., Inc., a liquor distributor. Pernod Ricard wants to stop selling to Saratoga and transfer that business to Badger Liquor Co., a competing liquor distributor. Saratoga claims that termination of their business relationship would violate the Wisconsin Fair Dealership Law (WFDL), so Pernod Ricard filed this suit to obtain a declaratory judgment that the WFDL does not apply to the parties' relationship. Dkt. 1.

  But it turns out that the WFDL claim is only part of the story. Pernod Ricard, Saratoga, and Badger Liquor were all parties to a previous lawsuit in 2006, after which they entered a settlement agreement. Saratoga says that Pernod Ricard and Badger Liquor are violating not only the WFDL, but also the settlement agreement, and it has filed its own lawsuit against both parties in Wisconsin state court. *See Saratoga Liquor Co., Inc. v. Pernod Ricard USA and Badger Liquor Co. Inc.*, No. 2018-CV-295 (Wis. Cir. Ct. Douglas Cty. Oct. 15, 2018).

  Saratoga now moves to dismiss this case in favor of the state proceeding. Dkt. 4. It contends that the court should either exercise its discretion to decline jurisdiction under the Declaratory Judgment Act or stay the case under the *Colorado River* doctrine. The court will

decline jurisdiction under the Declaratory Judgment Act and dismiss the case. It need not decide whether the *Colorado River* doctrine applies.

ANALYSIS

The court must first determine which rule of federal procedure applies to Saratoga's motion to dismiss. Saratoga does not specify whether it is proceeding under Rule 12(b)(1), which applies to motions to dismiss for lack of subject matter jurisdiction, or Rule 12(b)(6), which applies to motions to dismiss for failure to state a claim. Saratoga's motion does not fit neatly into either category, and the distinction matters because a Rule 12(b)(1) motion, unlike a Rule 12(b)(6) motion, allows the court to consider facts outside the pleadings without converting the motion into one for summary judgment. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Saratoga submits several exhibits in support of its motion to dismiss, and Pernod Ricard does not object to Saratoga's submission of evidence from outside the pleadings. So it appears that both parties have assumed that Rule 12(b)(1) applies.

The court agrees that analysis under Rule 12(b)(1) is appropriate. Courts in this circuit regularly apply the rule to motions to dismiss on abstention grounds.[1] "Because the motion to dismiss on abstention grounds asks the Court to decline to exercise jurisdiction, it fits more comfortably under Rule 12(b)(1)." *Bolton*, 71 F. Supp. 3d 802, 809 n.2. And although the court's discretion to decline jurisdiction under the Declaratory Judgment Act is not technically

---

[1] *See e.g.*, *Whole Woman's Health All. v. Hill*, —F. Supp. 3d—, No. 118CV01904SEBMJD, 2019 WL 1409435, at *3 (S.D. Ind. Mar. 28, 2019); *Bolton v. Bryant*, 71 F. Supp. 3d 802, 809 n.2 (N.D. Ill. 2014); *Nieves v. Bank of Am., N.A.*, No. 14-CV-2300, 2015 WL 753977, at *3 (N.D. Ill. Feb. 20, 2015).

a form of abstention, *see Med. Assur. Co. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010), the same logic applies—the movant is asking the court to decline to exercise jurisdiction. Accordingly, the court has considered not only the well-pleaded facts in Pernod Ricard's complaint, but also information about the state court proceedings, and the exhibits submitted by Saratoga.

A district court's decision to hear a case under the Declaratory Judgment Act is discretionary. "[T]here is nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). When deciding whether to exercise jurisdiction over a claim brought under the act, courts consider several factors, including "the scope of the pending state court proceeding" and "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Brillhart v. Excess Ins. Co. of Amer.*, 316 U.S. 491, 495 (1942)). The "classic example" of a case in which abstention is proper is one in which a plaintiff seeks solely declaratory relief on an issue of state law, and parallel state proceedings are ongoing on the same issue. *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) (citing *Wilton*, 515 U.S. at 283).

That is the case here. Pernod Ricard seeks declaratory judgment on a matter of state law: whether the WFDL applies to its business relationship with Saratoga. A pending lawsuit in the Circuit Court for Douglas County seeks to resolve the same issue. Dkt. 6-4. But the state proceeding is also broader in scope because, unlike this case, Badger Liquor is joined as a party and Saratoga asserts an additional claim for violation of a 2006 settlement agreement between Saratoga, Pernod Ricard, and Badger Liquor.

Even though the state action is broader in scope, Pernod Ricard contends that a declaratory judgment in this case would still resolve all claims between the parties because it would require the court to consider any defenses proffered by Saratoga, including Saratoga's contention that Pernod Ricard violated the 2006 settlement agreement. But that still leaves out Badger Liquor, one of the main interested parties. Pernod Ricard told Saratoga that it was terminating their agreement to make Badger Liquor its exclusive distributor, Dkt. 6-2, and Badger Liquor was also a party to the 2006 settlement agreement that is allegedly being violated.[2] And because Badger Liquor is a Wisconsin citizen, like Saratoga, it cannot be joined to this case without destroying diversity jurisdiction. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009) (Section 1332 requires complete diversity, "meaning that no plaintiff may be from the same state as any defendant."). Only the state court has jurisdiction to resolve the disputes between *all* parties. And it has begun to do so, as it has already denied a motion to dismiss from Pernod Ricard and Badger Liquor. Dkt. 19-1.

Pernod Ricard also says that the court should deny Saratoga's motion because Pernod Ricard filed this lawsuit several days before Saratoga filed the state action. But the order of the filings is not dispositive. When "parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief[,] we ordinarily give priority to the coercive action, regardless of which case was filed first." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010). In this case the state action has priority: although both lawsuits ask the court to decide whether the WFDL allows Pernod Ricard to terminate it

---

[2] Neither party has provided a copy of the settlement agreement, but Saratoga provides evidence that Badger Liquor was a codefendant in the 2006 case, Dkt. 6-2, and it alleges that Badger Liquor is bound by the agreement in its state court complaint. Dkt. 6-4, ¶ 10.

relationship with Saratoga, only the state action seeks injunctive relief to enforce the existing contract. Dkt. 6-4.

Courts may also dismiss a first-filed case when it is being used merely for "procedural fencing" to beat the other party in a race for res judicata. *Murillo v. Kohl's Corp.*, 197 F. Supp. 3d 1119, 1137 (E.D. Wis. 2016) (citing *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir.1994)). That appears to be the case here. Well before Pernod Ricard filed this lawsuit, Saratoga had already drafted its own complaint and asked Pernod Ricard and Badger Liquor to accept service. Dkt. 6, ¶ 5. In response, Pernod Ricard agreed to continue selling products to Saratoga, Dkt. 6–3, and Saratoga held off on filing its complaint. Pernod Ricard then drafted its own complaint and filed it about a month later.[3] Pernod Ricard may have been the first to file, but only because it led Saratoga to believe that the dispute could be resolved outside of court.

The court exercises its discretion to decline jurisdiction under the Declaratory Judgment Act, and it will dismiss the case in favor of the state court proceeding.

---

[3] According to the court's ECF system, Pernod Ricard filed its complaint at 4:47 p.m. on a Friday, making its argument that Saratoga waited "days" to file the state action (that is, until Monday morning) a bit disingenuous.

ORDER

IT IS ORDERED that:

1. Defendant Saratoga Liquor Co., Inc.'s motion to dismiss, Dkt. 4 is GRANTED, and the case is DISMISSED without prejudice

2. The clerk of court is directed to enter judgment accordingly.

Entered May 21, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge